T iJCKETt, P.
It is the settled rule of this court, that, where a party has been grossly inattentive and negligent of his defence at law, he shall have no relief in equity. Here it appears, that Turner's motion against Davis was first continued at the defendant’s costs; so that he appeared to defend himself upon the motion; and it was continued, from month to month, for several *230 successive terms afterwards. At length judgment was rendered, against him, because, as “he supposed,” Nicholls was not present to testify. If he had cause for continuance for Nicholls's testimony, he ought to have applied for a continuance, and if it was refused, taken an exception. This he did not do; and then he comes into equity, alleging Nicholls's absence from the country at the time of the trial; but he does not prove it, though Nicholls himself was examined. It is impossible, without an entire overthrow of established rules, to sustain the bill in such a case. This I should much regret, as there seems every reason to suppose that Turner received the whole money from Nicholls, but that it is manifest to me, that while Davis held out the threat of contesting Turner's right of recovery, he was willing enough to avail himself of the arrangement made by Ferguson, by quitting the close custody in which he was. If he can be considered as assenting to the arrangement, then the case is one of compromise and adjustment of a subsisting dispute, and so ought to terminate the contest. If he did not assent, then Ferguson has introvened of his own accord, and has, for the consideration of his bond, obtained the discharge of Turner's debtor, with full knowledge of the debtor’s denial of the debt. In this aspect of the case, he must be held responsible, whether he can have recourse to Davis or not. His responsibility is independent of Davis’s. The consideration of his bond is the release of Davis from custody, not the debt due from Davis; and, accordingly, we find he gave the assurance at the time that he would pay whether Davis did or not.
The other judges concurred, bill dismissed. Decree reversed, and